IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Danielle ANTONELLI, <br><br> Plaintiff, <br> v. <br><br> KENNEDY HOSPITAL and <br> Dr. Daniel WEEKS <br><br> Defendants. | Civil No. 17-13780 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the complaint and application to proceed *in forma pauperis* (Doc. No. 1) of Plaintiff Danielle Antonelli. Antonelli has alleged a violation of a criminal statute, which is not cognizable in civil litigation. We dismiss.

**I.      THE FACTS**

Although the complaint is not clear, we hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and will interpret the spirit if not the precise language of the complaint.

Antonelli's complaint appears to refer to a visit at Kennedy Hospital at the direction of the Glassboro Police, who sent her there perhaps because she was having, in her words, "a mental breakdown." Although unclear, the Court infers that this breakdown may have related to Antontelli not being able to take her medication because she needed a refill. The hospital drew blood and claimed Antonelli's medications were in her system, and Antonelli argues they were not. She seems to argue that Camden Urban Treatment—not a party to this case—falsified her urinalysis as

1

well. At some point it appears someone told Antonelli she was suffering from a seizure, and Antonelli argues that she does not have a history of seizures. Antonelli has also submitted a variety of other documents, including some letters by her that challenge no fewer than ten allegedly erroneous parking tickets, but these are not germane to the issues before the Court today.

Antonelli seeks $150,000 in damages for falsification of a medical record under N.J. Stat. Ann. 2C:21-4-1 and 18 U.S.C. § 1519.

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Pro se complaints must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations"

are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

Antonelli has pleaded a violation of 18 U.S.C. § 1519, a federal criminal statute that does not confer a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275 (2001); *Bratset v. Davis Joint Unified School District*, 2017 WL 6484308, at *4 (E.D. Cal. Dec. 19, 2017) ("18 U.S.C. § 1519 is a federal criminal statute that does not provide a private right of action"); *Jung v. Bank of Am., N.A.*, 2016 WL 5929273, at *3 (M.D. Pa. Aug. 2, 2016) (analyzing criminal statutes with similar language and finding no private right of action and citing cases). Antonelli has thus failed to state a claim because there is simply no claim to bring under this statute.

Because there is no diversity between the parties, the remaining claim under N.J. Stat. Ann. 2C:21-4.1 can only fall within this Court's discretionary supplemental jurisdiction. *See* 28 U.S.C. § 1367. The Court will exercise its discretion and dismiss the claim.

### IV. CONCLUSION

For the reasons stated herein, Antonelli's complaint is **DISMISSED**. An order follows.

Dated:     01/16/2018                    /s Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge